IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARREN C. BLUEMEL<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT V. CARVER, MIKE CHABRIES, BELLE BROUGH, JOHN GRAFF, DENISE EVANS, SID FULLMER and John Does 1 through 5<br><br>    Defendants. | ORDER<br><br><br><br>Case No. 2:06-CV-00032<br><br>Judge Dee Benson |

   This matter comes before the Court on a Motion for Summary Judgment by Defendant John Graff, the sole remaining defendant in this case. At Plaintiff Darren C. Bluemel's request, the Court held a hearing on April 13, 2009 covering this motion. Mr. Bluemel was represented by David W. Brown; Mr. Graff was represented by David N. Wolf. After review and consideration of the briefs submitted by the parties and the oral arguments presented by counsel, the Court enters the following Order.

   The plaintiff brought this suit under 42 U.S.C. § 1983 after being assaulted by a fellow inmate at the Garfield County Jail. The plaintiff's allegations are set forth in detail in this Court's prior written opinion, *Bluemel v. Carver*, No. 2:06-CV-32 DB, 2008 WL 2227557 (D. Utah May

29, 2008), and the Court incorporates by reference the facts set forth therein. In its previous opinion, the Court found that although the allegations against Defendant Graff were limited, they survived the Defendants motion for judgment on the pleadings because Mr. Graff "allegedly had . . . knowledge of a potential threat to Plaintiff's safety prior to the attack." *Id.* at *5 (finding also that Plaintiff's "allegation supports the conclusion that Graff was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994))).

For the purposes of the present motion, summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." *Kellogg v. Metro. Life Ins. Co.*, 549 F.3d 818, 825 (10th Cir. 2008) (quoting Fed.R.Civ.P. 56(c)). In evaluating a motion for summary judgment, courts must consider the evidence and any reasonable inferences in the light most favorable to the nonmoving party. *Mosier v. Callister, Nebeker & McCullough*, 546 F.3d 1271, 1275 (10th Cir. 2008).

The Court has determined that there are material factual disputes that preclude granting Mr. Graff's motion for summary judgment. Specifically, factual disputes remain as to whether Mr. Graff had knowledge of the potential threat to Mr. Bluemel's safety prior to the attack, whether this alleged threat constituted a substantial risk of harm, and whether Mr. Graff knowingly and unreasonably disregarded that risk. *See Farmer*, 511 U.S. at 837, 846. Consequently, Mr. Graff's motion for summary judgment is DENIED.

DATED this 15th day of April, 2009

BY THE COURT:

_____
Dee Benson
United States District Judge